SEAWELL, J., took no part in the consideration or decision of this case.
This is an action for actionable negligence — death by wrongful act — brought by plaintiff against defendant for killing plaintiff's intestate at a railroad crossing in Rocky Mount, N.C. on 19 November, 1935, at 7:15 a.m. N.C. Code, 1935 (Michie), section 160.
In the plaintiff's amended complaint it is alleged as negligence of defendant that it failed "(d) To keep a proper lookout so as to be aware that the plaintiff's intestate had been hit by defendant's engine and was precariously hung upon the `cow-catcher' of said engine; and (e) to stop its locomotive after having struck the car of the plaintiff's intestate and before the defendant had hurled the plaintiff's intestate to his death, the said defendant having brought about the death of the plaintiff's intestate by its wrongful conduct and having under all the facts the last clear chance to avoid the serious injury and death of said intestate."
The defendant denied the material allegations of the complaint and set up the plea of contributory negligence. The defendant admitted the municipal ordinance of Rocky Mount as to the speed limit.
The plaintiff contends that there was at least evidence to be submitted to the jury on the last clear chance doctrine. The court below, at the close of plaintiff's evidence, on motion of defendant, sustained a motion for judgment as in case of nonsuit. C. S., 567. The plaintiff excepted, assigned error and appealed to the Supreme Court.
The present case comes within the rule laid down in Batchelor v. R. R.,196 N.C. 84, relied on by defendant.
The judgment of the court below is
Affirmed.
SEAWELL, J., took no part in the consideration or decision of this case.